## BOARD OF COUNTY COMMISSIONERS OF SWIFT COUNTY v. THOMAS KNUDSON and Others.[1]

### January 3, 1901.

### Nos. 12,362—(169).

### County Treasurer—Action on Bond—Mingling of Funds.

A finding of the trial court to the effect that the defendant county treasurer intermingled state and county funds received by him is sustained by the evidence.

Action in the district court for Swift county to recover $1,316.13 and interest, together with a penalty of ten per cent. as provided by G. S. 1894, § 744, on a bond executed by defendant Knudson, as county treasurer of that county, as principal, and by the other defendants as sureties. The case was tried before Powers, J., who found in favor of plaintiff in the sum of $1,113.73 and interest. From an order denying a motion for a new trial, defendants appealed. Affirmed.

[1] Reported in 84 N. W. 657.

*S. H. Hudson* and *F. N. Hendrix*, for appellants.

*F. P. Olney*, for respondent.

START, C. J.

This action is based upon a breach of the general bond of the defendant Thomas Knudson as treasurer of the county of Swift. He interposed no defense, but the sureties on the bond answered. It is admitted that Knudson was such treasurer from January 2 to November 27, 1894, when he resigned. During this time he was also collector for the state for all moneys due to it for public lands sold by it in the county. He gave to the state the bond required by G. S. 1894, § 3997. When he resigned there was a deficit in his accounts as such treasurer and collector in the sum of $1,316.13, but it was impossible to ascertain out of what particular funds the moneys were taken by Knudson which constituted the deficit.

On the first trial of this action the court proceeded upon the assumption that both state and county funds had been commingled, and therefore the amount appropriated by Knudson belonged to the state and county, respectively, pro rata (that is, in the proportion which the amounts due respectively to the state and county bore to each other), and instructed the jury to return a verdict for the county's pro rata share. On appeal to this court it was held error for the trial court to assume that it had been conclusively proven on the trial that the funds had been so commingled. It was also held that, if the funds were so commingled, the basis upon which the court apportioned the deficit was correct. Board of Co. Commrs. v. Knudson, 71 Minn. 461, 74 N. W. 158. The second trial of the action was by the court without a jury, and the court found as a fact that the funds were so commingled, and directed judgment accordingly for the plaintiff, and the defendants appealed from an order denying their motion for a new trial.

The only alleged error meriting consideration is to the effect that the trial court erred in finding that the funds were commingled, for the reason there is no evidence to support the finding. We are of the opinion that there was. It was impracticable, for obvious reasons, for the plaintiff to show by direct evidence (that is, by calling as a witness the defaulting treasurer) that the funds

were intermingled.   Therefore resort was properly had to other evidence which tended to show that it was the custom in the treasurer's office during the time in question for the treasurer and his assistants to place all moneys received, without regard to what fund they belonged, together in the cash drawer, and that when the funds were deposited in the county depository they were taken from the cash drawer, and also that the treasurer personally (that is, not for any official purpose) took money from the cash drawer. This evidence is undisputed.   On the contrary, there is no evidence tending to show that the funds were kept separate.

True it is that the burden was on the plaintiff to show a commingling of the funds, and not upon the defendants to show that they were kept separate, but the plaintiff was only bound to establish prima facie an intermingling of the funds.   The witnesses called to prove that it was the general course of business and custom in the treasurer's office to mingle the funds admitted, in effect, on cross-examination, that it was impossible for them to know that the treasurer placed all of the money received in the cash drawer.   The counsel for the defendants lay great stress upon this admission, but it is not specially significant; for the witnesses were called to prove the general custom, and not the impossibility of a departure from the custom in particular instances.   Again, the negative evidence afforded by the papers, records, and books of the treasurer's office tends strongly to support the conclusion that the funds were not kept separately; for, if they had been kept separately, the reasonable inference is that there would have been found some entries in the books or papers of the office to show it. There are none.   The finding challenged by the defendants is amply supported by the evidence.

Order affirmed.